IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ANDERSON DIXON,** | : | **PRISONER HABEAS CORPUS** |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| **JUDGE BECKER,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:15-CV-300-WSD-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Anderson Dixon, confined in the DeKalb County Jail in Decatur, Georgia, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner has neither paid the $5.00 filing fee nor sought leave to proceed *in forma pauperis*. For the purpose of dismissal only, Petitioner is **GRANTED** leave to proceed *in forma pauperis*.[1]

The matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not

---

[1] The Court notes that in No. 1:15-cv-299, Petitioner filed a construed application to proceed *in forma pauperis*, which was granted on a showing that Petitioner had no funds in his inmate account.

warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

## I.   Discussion

Petitioner states that he (1) has been detained in the DeKalb County Jail since July 24, 2012, and (2) was found incompetent to stand trial on December 24, 2014. [Doc. 1 at 1.] Petitioner seeks habeas relief on the grounds that (1) he has not received a speedy trial, (2) his public defenders have provided ineffective assistance, (3) the state court's appointment of counsel constitutes a conflict of interest, and (4) he has been denied due process and equal protection of the law. [*Id.* at 4-5.] Petitioner indicates that he has not filed any other appeals, petitions, applications, or motions regarding those issues. [*Id.* at 2-3.]

> A federal court may not grant a § 2241 petition unless
>
> (A)   the [petitioner] has exhausted the remedies available in the courts of the State; or
> (B)   (i) there is an absence of available State corrective process; or
>        (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner].

28 U.S.C. § 2254(b)(1); *see also Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (state prisoner must exhaust state remedies prior to filing § 2241 petition). Exhaustion requires that state detainees give the state courts "one full

2

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State detainees must present their claims, on direct appeal or collateral review, to the highest state court according to that state's appellate procedure. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). If a federal habeas petitioner has not exhausted all of his claims in state court, the federal court must dismiss the petition without prejudice. *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (per curiam) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

Petitioner may file a petition for a writ of habeas corpus in state court pursuant to Ga. Code Ann. § 9-14-1(a). Because Petitioner has not done so, he has failed to exhaust his state court remedies. Petitioner has not alleged any facts suggesting that the state corrective process is unavailable or ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1) & (c). Therefore, Petitioner's § 2241 petition should be dismissed without prejudice.

## II.     Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

3

adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that Petitioner has failed to exhaust his state court remedies. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a

4

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  24th  day of February, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)