IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDERSON DIXON,

           Petitioner,

v.

JUDGE BECKER,

           Respondent.

1:15-cv-300-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] ("R&R"). The R&R recommends Petitioner Anderson Dixon's ("Petitioner") petition for writ of habeas corpus [1] be dismissed without prejudice.

**I.   BACKGROUND**

On January 29, 2015, Petitioner, confined in the DeKalb County Jail in Decatur, Georgia, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner did not pay the $5.00 filing fee or seek leave to proceed *in forma pauperis*.

Petitioner seeks habeas relief on the grounds that (1) he has not received a speedy trial, (2) his public defenders have provided ineffective assistance, (3) the

state court's appointment of counsel constitutes a conflict of interest, and (4) he has been denied due process and equal protection of the law.  ([1] at 4-5).

The Magistrate Judge performed his preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b).

On February 24, 2015, the Magistrate Judge issued his R&R.  In it, the Magistrate Judge found that Petitioner failed to exhaust his state court remedies, and his Section 2241 petition should be dismissed without prejudice.

Petitioner did not file any objections to the R&R.  The R&R was mailed to Petitioner, and the mail was returned as undeliverable.  ([4]).

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and

recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

A federal court may not grant a § 2241 petition unless:

(A)    the [petitioner] has exhausted the remedies available in the courts of the State; or
(B)    (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner].

28 U.S.C. § 2254(b)(1); see also Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (state prisoner must exhaust state remedies prior to filing Section 2241 petition). Exhaustion requires that state detainees give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State detainees must present their claims, on direct appeal or collateral review, to the highest state court according to that state's appellate procedure. Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam); Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004). If a federal habeas petitioner has not exhausted all of his claims in state court, the federal court must dismiss the petition without prejudice. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (per curiam) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

The Magistrate Judge determined that Petitioner may file a petition for a writ of habeas corpus in state court pursuant to O.C.G.A. § 9-14-1(a).  (R&R at 3). Because Petitioner failed to do so, the Magistrate Judge found that Petitioner failed to exhaust his state court remedies, and his Section 2241 petition should be dismissed without prejudice.  (Id.).  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.  This action is therefore dismissed without prejudice.[1]

The Magistrate Judge also recommended that a Certificate of Appealability ("COA") be denied because it is not debatable that Petitioner has failed to exhaust his state court remedies.  (R&R at 4).  The Court finds no plain error in this finding and recommendation, and a COA is denied.  See Slay, 714 F.2d at 1095.  Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] Under Local Rule 41.2, a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice."  LR 41.2(C).  This action also is dismissed under Local Rule 41.2(C) because Plaintiff failed to keep the Clerk's office informed of his current address.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 29th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE